# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | Criminal No. 07-85 (PAM/SRN) |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **Craig Keith Potts,** | |
| **Defendant**. | |

Robert M. Lewis, Office of the United States Attorney, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Roger J. Magnuson and David M. Eldred, Dorsey & Whitney LLP, 50 South 6th Street, Suite 1500, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter comes before the undersigned United States Magistrate Judge on Defendant Craig Keith Potts' Motion to Dismiss the Indictment (Doc. No. 35). This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

**I.   BACKGROUND**

An Indictment was filed on March 15, 2007, charging Defendant with five counts:

(1) conspiring to make false statements and obstruct a federal investigation, in violation of 18 U.S.C. § 371; (2) making a materially false statement to federal agents, in violation of 18 U.S.C. § 1001; (3) making a materially false statement in a written document, in violation of 18 U.S.C. § 1001;

1

(4) obstructing justice by making a materially false statement in an official proceeding, in violation of 18 U.S.C. § 1512(c); and (5) obstructing justice by causing a false document to be presented or used in an official proceeding, in violation of 18 U.S.C. § 1512(c).

The Indictment bases these charges on the following factual allegations. Defendant owned a business that provided check cashing services for gaming operations of the Leech Lake Band of Ojibwe ("the Tribe"). (Indictment ¶ 2.) In 2003, Defendant began negotiating with the Tribe to participate in developing a new casino. (Id. ¶ 3.) The Tribe's gaming director at that time was "R.W." (Id. ¶ 4.) On August 12, 2003, Defendant's wife wrote a check payable to "cash," which Defendant gave to R.W. (Id. ¶ 6.) Defendant arranged for the check to be processed through his father, who owned a check-cashing business, to conceal the true source of the funds. (Id.) On August 28, 2003, Defendant's father issued a wire transfer in the amount of $35,000 to R.W. (Id. ¶ 7.) In 2004, the Department of Interior (DOI) and the Federal Bureau of Investigation (FBI) began investigating the Tribe's new casino development. (Id. ¶ 8.) During the investigation, Defendant told an unnamed individual that R.W. had borrowed the $35,000 from him and was refusing to repay it. (Id. ¶ 9.) DOI and FBI agents interviewed Defendant, who claimed that the $35,000 payment was a loan to R.W. from Defendant's father. (Id. ¶ 10.) Defendant did not tell the agents that his wife had written the check, and he promised to give the agents documentation of the loan. (Id.) Defendant later gave his lawyer a copy of a promissory note purportedly signed by his father and R.W., but R.W. had not actually signed the document. (Id. ¶ 11.)

Defendant now moves to dismiss the Indictment on three grounds. First, he contends that the Indictment fails for lack of sufficiency. Second, he asserts that Counts 2 and 3 are multiplicitous.

2

Third, he argues that Counts 4 and 5 should be dismissed because making false statements and presenting false documents to federal agents do not constitute obstruction of justice under 18 U.S.C. § 1512(c).

## II.     DISCUSSION

### A.     Sufficiency of the Indictment

Defendant challenges the sufficiency of the factual allegations of the Indictment, specifically faulting the Indictment for not alleging the requisite scienter. The charging statutes, 18 U.S.C. §§ 1001 and 1512(c), embody intentional act crimes. Defendant interprets the Indictment to allege that the $35,000 transfer was between his father and R.W., and thus, there is only an inference that Defendant knew the details of the arrangement and falsely represented the arrangement to federal agents. Defendant also challenges the sufficiency of the Government's evidence.

Addressing this latter argument first, it is well-established that insufficient evidence is not a basis for dismissal of a facially valid indictment. See Costello v. United States, 350 U.S. 359, 363-64 (1956). Consequently, Defendant's motion should not be granted on this basis.

Turning to Defendant's challenge to the sufficiency of the Indictment's allegations, an indictment is sufficient if it sets forth the essential elements of the offense. United States v. Opsta, 659 F.2d 848, 850 (8th Cir. 1981). Counts 2 and 3 are based on 18 U.S.C. § 1001, which provides in relevant part:

>    (a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully–
>        (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
>        (2) makes any materially false, fictitious, or fraudulent statement or representation; or

>    (3) makes or uses any false writing or document knowing the same to contain
>    any materially false, fictitious, or fraudulent statement or entry;
> shall be fined under this title [and] imprisoned not more than 5 years . . . .

18 U.S.C. § 1001(a).

As to Count 2, the Indictment alleges that Defendant "intended" the $35,000 check to be given to R.W., and that Defendant "arranged" for his father to process the check in order to "conceal the true source of the funds." (Indictment ¶ 6.) The Indictment further alleges that during a subsequent interview with federal agents, Defendant said that the $35,000 payment was actually a loan from his father to R.W. (Id. ¶ 15.) The Indictment also alleges that Defendant told the agents he could not explain why R.W. said the money was a gift from Defendant, and that Defendant failed to tell the agents that his wife actually issued the check for Defendant to give to R.W. (Id. ¶ 10.) Based on these alleged facts, the Indictment charges that Defendant "did knowingly and willfully make a materially false statement and representation and did knowingly and willfully falsify, conceal, and cover up by trick, scheme, and device a material fact . . . ." (Id. ¶ 15.) The allegations track the statutory language and set forth all of the elements of the crime, including the relevant mental state. Thus, the Indictment sufficiently alleges the offense of making a materially false statement to federal agents, under 18 U.S.C. § 1001(a)(2). Cf. United States v. Donahue, 948 F.2d 438, 440-41 (8th Cir. 1991) (holding that an indictment was sufficient because its wording tracked the relevant statute and included all the statutory elements of the crime, even though the Indictment failed to specifically allege intent).

The Indictment also sufficiently charges Count 3. In addition to the allegations recited above, the Indictment declares that on a date before August 3, 2005, Defendant gave his lawyer a document purporting to be a promissory note signed by R.W. and Defendant's father. (Indictment ¶ 11.) The

Indictment later alleges that on August 3, 2005, Defendant "did knowingly and willfully make and use and cause to be made and used a false writing and document knowing the same to contain a materially false statement and entry, namely, . . . a document purporting to be signed by R.W., when in fact the document had not been signed by R.W. . . ." (Id. ¶ 17.) Again, the allegations track the statutory language of § 1001(a)(3) and allege all of the essential elements, including the relevant mental state.

Counts 4 and 5 charge obstruction of justice, in violation of 18 U.S.C. § 1512(c), which provides in relevant part:

> (c) Whoever corruptly–
> (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
> (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,
> shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1512(c). Count 4 states that on July 27, 2005, Defendant "did corruptly obstruct, influence, and impede an official proceeding" by making a false statement and concealing material facts during an interview with federal agents. (Indictment ¶ 19.) Count 5 states that on August 3, 2005, Defendant "did corruptly obstruct, influence, and impede an official proceeding" by causing a false document to be used and presented to federal agents. (Id. ¶ 21.) The language of the Indictment mirrors the statutory elements, and the Court therefore finds that the Indictment is sufficient as to Counts 4 and 5.[1]

---

[1] The Court notes the existence of persuasive authority favoring Defendant's position, in United States v. Murphy, 762 F.2d 1151 (1st Cir. 1985). In that case, the indictment charged the defendant with threatening people with the intent to influence their testimony "in an official proceeding." Id. at 1153. The court found the indictment insufficient because it did not specify "what official proceeding

5

Count 1 charges Defendant with conspiracy to violate § 1001 and § 1512(c). As discussed, the Indictment sufficiently alleges the elements of these substantive offenses. The Indictment further alleges that Defendant knowingly conspired with known and unknown co-conspirators to commit these offenses. (Indictment ¶ 13.) The Indictment also lists five overt acts committed in furtherance of the conspiracy. (Id.) These allegations sufficiently charge the offense of conspiracy under 18 U.S.C. § 371. See United States v. White, 241 F.3d 1015, 1021 (8th Cir. 2001).

### B. Multiplicity of Counts 2 and 3

Defendant contends that Counts 2 and 3 are multiplicitous because they charge him with the same crime of making a materially false statement in violation of 18 U.S.C. § 1001.

"A multiplicitous indictment is one that charges a single offense in multiple counts." United States v. Webber, 255 F.3d 523, 525 (8th Cir. 2001). In United States v. Graham, a case analogous to the one at hand, the defendant was charged with making multiple false statements under 18 U.S.C. § 152. 60 F.3d 463, 466 & n.1 (8th Cir. 1995) (explicitly analogizing § 152 to § 1001). The court held that the defendant's repetition of the same false statement to three different people on three different occasions did not permit prosecution on three separate counts, because the repetition did not

---

the grand jury had in mind . . . ." Id.
However, the context of the Indictment in the case at hand makes clear that the "official proceeding" is limited to the grand jury proceeding or the criminal case against Defendant, both of which are based on the same facts. Indeed, the Indictment states that the allegedly false document was in fact presented to the grand jury. (Indictment ¶ 13.e.) Moreover, the Indictment in this case contains much more information about the crimes charged than the indictment in Murphy, including details about the criminal investigation, Defendant's interview with federal agents, and the purported promissory note. All of these details lend to the sufficiency of the Indictment. Accord United States v. Boyd, 309 F. Supp. 2d 908, 916 (S.D. Tex. 2004).

"constitute an additional impairment of . . . governmental functions." Id. at 466-67 (quotation omitted) (expounding that the defendant's repetition of the statement "added nothing further to harm the [government] action; the harm was done from the outset.").

Here, on the other hand, the Court finds that the Indictment properly charges Defendant with two separate crimes of making a false statement. The first statement was made verbally during an interview on July 27, 2005, when Defendant purportedly told federal agents that the $35,000 payment to R.W. was a loan from his father. The second statement consists of the allegedly false promissory note, which Defendant gave to federal agents on August 3, 2005. Although the statement and the note relate to the same falsehood, the crimes are not the same. First, the two counts relate to different acts on different days. Second, the false document corroborates—but does not necessarily duplicate—Defendant's alleged oral misrepresentation. This corroboration was an additional impediment to the investigation in that Defendant was attempting to bolster his original oral representation with documentary evidence.

Finally, and most importantly, Counts 2 and 3 are charged under two different parts of the statute. Count 2 charges the offense of making a false statement under § 1001(a)(2). This crime requires proof that Defendant made a "materially false, fictitious, or fraudulent statement or representation." 18 U.S.C. § 1001(a)(2) (emphasis added). Count 3, on the other hand, charges the offense of making or using a false writing under § 1001(a)(3). This section of the statute requires different proof, namely that Defendant made or used a "false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry." Id. § 1001(a)(3). Given that each count requires different proof, the counts are not multiplicitous. See United States v. Walker, 380

F.3d 391, 394 (8th Cir. 2004). As a consequence, Defendant is not entitled to dismissal of either count.

### C.     Obstruction of Justice under 18 U.S.C. § 1512(c)

Defendant seeks dismissal of Counts 4 and 5, arguing that making false statements and presenting false documents to federal agents do not constitute obstruction of justice under 18 U.S.C. § 1512(c).

Section 1512(c) prohibits a person from corruptly altering, destroying, mutilating, or concealing a record, document, or other object, with the intent to damage the integrity of the object for use in an official proceeding. 18 U.S.C. § 1512(c)(1). The statute also prohibits a person from otherwise corruptly obstructing, influencing, or impeding an official proceeding, or attempting to do so. Id. § 1512(c)(2). An "official proceeding," as used in § 1512, is a proceeding before a judge, a court, Congress, or a federal government agency. 18 U.S.C. § 1515(a).

In support of his argument, Defendant relies primarily on United States v. Dennis, in which the Eighth Circuit Court of Appeals concisely stated in a footnote: "False statements to the FBI do not constitute obstruction of justice." 625 F.2d 782, 804 n.11 (8th Cir. 1980) (citing United States v. Fayer, 573 F.2d 741, 745 (2d Cir. 1978); United States v. Ryan, 455 F.2d 728, 733 (9th Cir. 1972)). However, the defendant in Dennis was convicted of obstructing justice under 18 U.S.C. § 1503, not § 1512. Id. at 790. Moreover, although it remains true that a false statement to a federal investigator, without more, is not an obstruction of justice, the law has evolved to recognize that making a false statement to a federal agent, with the knowledge or intent that the statement will be used in an official proceeding, can be the basis for an obstruction of justice charge. Thus, Dennis does not end the

Court's inquiry.

In <u>United States v. Aguilar</u>, the United States Supreme Court required the government to show a nexus between a defendant's conduct and the "time, causation, or logic with the judicial proceedings" to prove a case under § 1503.[2]  515 U.S. 593, 599-600 (1995).  That is, "the endeavor must have the natural and probable effect of interfering with the due administration of justice."  <u>Id.</u> at 599; <u>see also</u> <u>United States v. Schwarz</u>, 283 F.3d 76, 109 (2d Cir. 2002) ("The thrust of the Court's opinion in <u>Aguilar</u> is that § 1503 requires a specific intent to obstruct a federal judicial or grand jury proceeding).  Post-<u>Aguilar</u>, courts have recognized the viability of an obstruction of justice charge under § 1503 when a defendant allegedly lies to a federal investigator, knowing or intending that the false information will be conveyed to a grand jury.  <u>See, e.g.</u>, <u>United States v. Fassnacht</u>, 332 F.3d 440, 447-51 (7th Cir. 2003); <u>Schwarz</u>, 283 F.3d at 109.  Thus, the Eighth Circuit's pronouncement in <u>Dennis</u> remains true in that a false statement to a federal investigator, standing alone, is not an obstruction of justice under § 1503.  However, if the misstatement made with the knowledge or intent that the false information will be conveyed to a court officer or juror in order to obstruct the due administration of justice, a defendant may be properly charged with obstruction of justice under § 1503.

At least one court has extended <u>Aguilar</u>'s nexus rationale to § 1512(c).  In <u>United States v. Reich</u>, the Second Circuit Court of Appeals upheld a conviction under § 1512(c) based on the defendant's introduction of a forged court order into ongoing litigation, because the natural and

---

[2] In relevant part, § 1503 prohibits individuals from endeavoring to influence, intimidate, or impede a court officer or grand or petit juror, and also from influencing, obstructing, or impeding, or endeavoring to influence, obstruct, or impede, the due administration of justice.  18 U.S.C. § 1503(a).

probable consequence of the act was to interfere with the administration of justice in an official proceeding.  479 F.3d 179, 186-87 (2d Cir. 2007).  Defendant has offered no reason not to extend the Aguilar line of reasoning to this case.  Whether the Government can actually prove that Defendant obstructed justice by making a false statement or giving a false document to investigators, with the intent to corruptly obstruct or influence an official proceeding, is an evidentiary question for trial.

Defendant's final argument is that the Indictment fails to specify whether he is charged with violating § 1512(c)(1) or § 1512(c)(2).  As the language of Counts 4 and 5 clearly track § 1512(c)(2), the Court finds this argument unavailing.  Again, whether the Government's evidence can establish a violation of § 1512(c)(2) is a matter for trial, and the Court therefore does not address the evidentiary aspect of Defendant's argument.  In sum, Defendant is not entitled to dismissal of Counts 4 and 5.

### III.  RECOMMENDATION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss the Indictment (Doc. No. 35) be **DENIED**.

Dated:  June 25, 2007

   s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 11, 2007,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.