UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                  Crim. File No. 07-85 (PAM/SRN)

                Plaintiff,

v.                                                                         **MEMORANDUM AND ORDER**

Craig K. Potts,

                Defendant.

This matter is before the Court on Defendant's Objections to the Report and Recommendation ("R&R") by United States Magistrate Judge Susan Richard Nelson dated June 25, 2007. The R&R recommends that the Court deny Defendant's Motion to Dismiss the Indictment filed March 15, 2007.[1] The Court has conducted a de novo review of the Objections and the record. See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). For the reasons that follow, the Court adopts the R&R.

**BACKGROUND**

The Indictment filed March 15, 2007 charges Defendant with (1) conspiring to make false statements and obstruct a federal investigation in violation of 18 U.S.C. § 371, (2)

---

[1] On July 18, 2007, the Government filed a Superseding Indictment adding Michael W. Johnson as an alleged co-conspirator under Count 1 and additionally alleging that Defendant Potts aided and abetted Johnson as to Counts 2 through 5. The Superseding Indictment further adds two counts of bribery concerning a program receiving federal funds in violation of 18 U.S.C. § 666, one count of wire fraud in violation of 18 U.S.C. § 1343, and an additional count of obstruction of justice in violation of 18 U.S.C. § 1512(c)(2). Because the Government did not withdraw the initial Indictment and responded to Defendant's Objections to the R&R (Docket No. 47), the Court necessarily reviews the Objections.

making a materially false statement to federal agents in violation of 18 U.S.C. § 1001, (3) making a materially false statement in a written document in violation of 18 U.S.C. § 1001, (4) obstructing justice by making a materially false statement in an official proceeding in violation of 18 U.S.C. § 1512(c), and (5) obstructing justice by causing a false document to be presented or used in an official proceeding in violation of 18 U.S.C. § 1512(c).

Facts alleged in the Indictment are as follows: Defendant owned a business that provided check cashing services for Leech Lake Band of Ojibwe ("Leech Lake") gaming operations. Beginning in 2003, Defendant negotiated with Leech Lake to participate in developing a new casino. Leech Lake's gaming director at the time was "R.W." On August 12, 2003, Defendant's wife wrote a check payable to "cash," which Defendant gave to R.W. To conceal the funds' source, Defendant arranged for the check to be processed through his father who ran a check-cashing business. On or about August 28, 2003, Defendant's father issued at $35,000 wire transfer to R.W.

In 2004, the United States Department of the Interior (DOI) and Federal Bureau of Investigation (FBI) began an investigation, during which Defendant told an unnamed person that R.W. had borrowed the $35,000 and was refusing to repay it. DOI and FBI agents interviewed Defendant, who claimed that the $35,000 payment was a loan to R.W. from Defendant's father. Defendant did not tell the agents that his wife had written the check, and during the interview Defendant promised to give agents documentation of the loan. Defendant later gave his lawyer a copy of a promissory note purportedly signed by his father and R.W., but R.W. had not signed the document.

**DISCUSSION**

Defendant moves to dismiss the Indictment on grounds that it lacks sufficiency, that Count 2 duplicates Count 3, and that Counts 4 and 5 must be dismissed because making false statements to federal agents does not constitute obstruction of justice under § 1512(c).

**A.     Sufficiency of the Indictment**

Defendant asserts that the Indictment fails to allege that he knew of any falsity and alleges scienter "only as a matter of inference." (Def.'s Objections to R&R at 4.) "To be sufficient an indictment must set forth the essential elements of the offense." United States v. Opsta, 659 F.2d 848, 850 (8th Cir. 1981).

Counts 2 and 3 allege violations of 18 U.S.C. § 1001(a), which states in relevant part:

[W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—

> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
>
> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
>
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;

[is guilty of a crime].

Counts 2 and 3 substantially track this statutory language. (Indictment ¶¶ 14-17.) The Indictment further states that Defendant "intended" for the check that his wife wrote to "cash" to be given to R.W., that Defendant "arranged" for his father to cash the check "[t]o

3

conceal the true source of the funds," and that during an interview Defendant "did not disclose" that his wife had issued the check. (Id. ¶¶ 6, 10.) These allegations set forth essential facts as to whether Defendant's actions were knowing and voluntary.

Counts 4 and 5 allege violations of 18 U.S.C. § 1512(c), which states:

Whoever corruptly—

>    (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
>
>    (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,

[is guilty of a crime].

The language of Counts 4 and 5 precisely tracks the language in § 1512(c)(2). (Id. ¶¶ 18-21.) These allegations, coupled with the other allegations described above, set forth essential elements of the offenses charged.

Count 1 alleges a conspiracy related to Counts 2 through 5. Besides alleging that Defendant "did unlawfully and knowingly conspire with other persons," the Indictment specifies five overt acts committed in furtherance of the conspiracy. Therefore, the Indictment sets forth essential elements of a conspiracy.

Defendant's assertions that the Indictment fails to set forth essential elements of the offenses are without merit. In addition, alleging insufficiency of evidence is no basis for dismissing a facially valid indictment. See Costello v. United States, 350 U.S. 359, 363-64 (1956). Accordingly, the Court denies the Motion challenging the sufficiency of the

Indictment.

**B.      Multiplicity of Counts 2 and 3**

Defendant asserts that Counts 2 and 3 are multiplicitous because the case "arises out of a single characterization of one monetary transaction," and that "the statement on both days was, for all intents and purposes, identical." (Def.'s Objections to R&R at 1, 8.)   "An indictment is multiplici[t]ous when it charges a single offense in several counts." United States v. Wilkinson, 124 F.3d 971, 975 (8th Cir. 1997).  An indictment is not multiplicitous when separate counts under § 1001 "relate to two distinct violations of the statute." Id.

Here, Count 2 involves an alleged false statement made on or about July 27, 2005. Count 3 involves an alleged false document that Defendant provided on or before August 3, 2005.  The counts allege two distinct violations, one under 18 U.S.C. § 1001(a)(2) and another under 18 U.S.C. § 1001(a)(3).  Accordingly, the Indictment is not multiplicitous. The Court denies the Motion on this point.

**C.      Obstruction of Justice under 18 U.S.C. § 1512(c)**

In alleging violation of 18 U.S.C. § 1512(c), Counts 4 and 5 state that Defendant "did corruptly obstruct, influence, and impede an official proceeding and attempt to do so, that is, he made false statements and representations and concealed and covered up material facts in an interview with agents of the United States" and "he caused a false document to be used and presented to agents of the United States." (Indictment ¶¶ 19, 21.)  Defendant asserts that Counts 4 and 5 must be dismissed because making a false statement to federal agents cannot constitute obstruction of justice.

Defendant's primary authority is United States v. Dennis, 625 F.2d 782 (8th Cir. 1980), where the Eighth Circuit Court of Appeals stated that "[f]alse statements to the FBI do not constitute obstruction of justice." Id. at 804 n.11. Dennis involved a prosecution under 18 U.S.C. § 1503, which criminalizes obstructing judicial proceedings including grand juries. Defendant asserts that Dennis applies with equal force to § 1512 prosecutions involving "official proceedings," and to DOI agents.

However, in Dennis, the Eighth Circuit relied on cases involving § 1503 and judicial proceedings. See United States v. Fayer, 573 F.2d 741, 745 (2d Cir. 1978) ("Corrupt advice under 18 U.S.C. § 1503 must relate to an investigation by the grand jury, not the F.B.I."); United States v. Ryan, 455 F.2d 728, 733 (9th Cir. 1972) (holding that IRS investigation was not § 1503 "judicial proceeding"). Because the Indictment alleges obstruction with an "official proceeding," which is distinguishable from a judicial proceeding, Dennis is not controlling. See 18 U.S.C. § 1515(a)(1)(A), (C) (defining "official proceeding" as including a federal grand jury as well as "a proceeding before a Federal Government agency which is authorized by law"); 18 U.S.C. § 1512(f)(1) ("an official proceeding need not be pending or about to be instituted at the time of the offense").

As the parties state, in United States v. Aguilar, 515 U.S. 593 (1995), the United States Supreme Court held that a § 1503 conviction may stand only if there is some "nexus" between the act and the proceeding—"the act must have a relationship in time, causation, or logic" with the proceeding, or the "endeavor must have the natural and probable effect of interfering with the due administration of justice." Id. at 599 (citations and internal quotation

6

omitted).  At least one federal circuit has invoked <u>Aguilar</u>'s "nexus" requirement when evaluating post-trial whether evidence was sufficient to sustain a § 1512 conviction.  <u>See</u> <u>United States v. Reich</u>, 479 F.3d 179, 185-87 (2d Cir. 2007).  Defendant contends that even if this Court were to follow suit, "the Indictment fails to adequately allege facts sufficient to demonstrate such a nexus."  (Def.'s Objections to R&R at 9.)  However, Defendant cites no authority in which an indictment has been dismissed on lack-of-nexus grounds.

At this pretrial stage, the Court concludes that Counts 4 and 5 of the Indictment sufficiently set forth essential elements of the offenses charged.  <u>See</u> <u>United States v. Milton</u>, 966 F. Supp. 1038, 1042-43 (D. Kan. 1997) (denying motion to dismiss indictment that alleged § 1512 violation).  Whether a nexus exists, <u>i.e.</u> whether Defendant knew his actions would obstruct justice, is a jury question.  <u>See</u> <u>United States v. Joiner</u>, 418 F.3d 863, 868 (8th Cir. 2005) (holding in § 1503 case that "jury logically could infer a nexus" between Defendant's actions and intimidation of federal prosecutor discharging official duties); <u>United States v. Russell</u>, 234 F.3d 404, 407-08 (8th Cir. 2000) (affirming § 1503 conviction where there was "substantial evidence that [defendant] had knowledge that the 'natural and probable effect' of his actions would be to interfere with the administration of justice in these prosecutions") (quoting <u>Aguilar</u>, 515 U.S. at 599).

Defendant further argues that Counts 4 and 5 fail to specify whether he is charged with § 1512(c)(1) or § 1512(c)(2).  The argument is without merit where, as here, the Indictment substantially tracks the § 1512(c)(2) language.

**CONCLUSION**

The Indictment sufficiently sets forth elements of offenses charged.  Further, Count 2 does not duplicate Count 3, and there is no basis to dismiss Counts 4 and 5 on grounds that making false statements to federal agents cannot constitute obstruction of justice under 18 U.S.C. § 1512.  Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court **ADOPTS** the R&R (Docket No. 42);

2. The Court **OVERRULES** Objections to the R&R (Docket No. 43); and

3. The Court **DENIES** Defendant's Motion to Dismiss the Indictment (Docket No. 35).

Dated: July 25, 2007

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge