**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **United States of America,** | Criminal No. 07-85 (PAM/SRN) |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **Craig Keith Potts (01) and** **Peter D. White (03),** | |
| **Defendants**. | |

Robert Lewis, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Roger Magnuson, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402, for Defendant Craig Keith Potts

Lyonel Norris, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, Minnesota 55415, for Defendant Peter D. White

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter comes before the undersigned United States Magistrate Judge on Defendant Craig Keith Potts' Motion to Dismiss the Indictment for Vindictive Prosecution (Doc. No. 134) and the Government's Motion to Strike (Doc. No. 139).[1] This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

**I.     BACKGROUND**

The original indictment in this case was filed on March 15, 2007, and charged Defendant Craig Keith Potts with five counts: (1) conspiring to make false statements and obstruct a federal

---

[1] Defendant Peter D. White orally withdrew his dispositive motions at the hearing, and the Court recommends they be deemed as such.

investigation; (2) making a materially false statement to a federal agent; (3) making a materially false statement in a written document; (4) obstructing justice by making a materially false statement in an official proceeding; and (5) obstructing justice by causing a false document to be presented or used in an official proceeding.  (Doc. No. 1.)  A superseding indictment was filed against Defendant Potts and a co-defendant, Michael W. Johnson, on July 18, 2007.  (Doc. No. 46.)  The superseding indictment charged both Defendant Potts and Defendant Johnson with a conspiracy to (1) corruptly offer and give cash payments to tribal agents to influence and reward them in connection with business transactions, (2) defraud the Leech Lake Band of Ojibwe of the right to honest services from tribal officers and employees by paying them money while they were employed by the tribe, (3) make materially false and fraudulent statements, and (4) conceal their actions and the conspiracy from investigators and others.  The superseding indictment also added two charges of bribery against Defendant Potts and a count of wire fraud against both Defendant Potts and Defendant Johnson.  The superseding indictment included the previously charged counts of making false statements and obstructing justice against Defendant Potts and added similar charges against Defendant Johnson.

In December 2007, Defendant Potts' counsel asked Jeffrey Paulsen, the Chief of the Criminal Division of the U.S. Attorney's Office in this District, to review "this crazy quilt of government behavior[]." (Def. Potts' Mot. Dismiss Indictment Vindic. Prosecut. at 6.)  Because the trial was scheduled to commence the next month, the parties agreed to a continuance and jointly moved the District Court to exclude approximately three months from the speedy trial clock.

While the case was being reviewed, a second superseding indictment was filed, adding several charges against Defendant Potts and adding former tribal chairman Peter D. White as a

defendant.  (Doc. No. 87.)  This indictment, which is now the operative indictment in the case, charged Defendant White with seventeen counts of accepting illegal gratuities and Defendant Potts with nineteen counts of giving illegal gratuities.  Three counts of wire fraud were alleged jointly against Defendant Potts and Defendant White, and three separate counts of wire fraud were alleged individually against Defendant Potts.  The second superseding indictment also charged conspiracy jointly against Defendant Potts and Defendant White, and individually against Defendant Potts.  Finally, Defendant Potts was charged with two counts of making a false statement and one count of obstructing justice.

Defendant Potts now moves to dismiss the second superseding indictment on the basis of vindictive prosecution.[2]  He alleges that the Government's pattern of bringing indictments is outrageous and malicious.  With respect to the initial indictment, Defendant Potts accuses the Government of charging him with bribery, forgery, and making false statements even though the Government had information that the transaction at issue was a loan.  Defendant Potts also accuses the Government of withholding until recently the results of a polygraph examination, which were inconclusive as to whether a government witness was telling the truth.  Defendant Potts additionally argues that the Government's own handwriting expert could not determine whether a signature on a loan document was forged, yet the Government withheld this evidence for months while it continued to investigate new charges.

With respect to the second and third indictments, Defendant Potts argues that the

---

[2] The deadline for filing pretrial motions with respect to the second superseding indictment was April 3, 2008, but Defendant Potts did not file his motion to dismiss until April 9, 2008.  The Government therefore moved to strike the motion or, in the alternative, for permission to file a responsive memorandum one week after the hearing on the motion.  At the hearing, the Court granted the Government until April 25, 2008 to file a memorandum, at which time the Court would take the motion under advisement.  In light of this extension and the filing of the Government's response, the Court recommends denying as moot the motion to strike.

Government sought these indictments out of vindictiveness and despite the fact that both he and Defendant White have consistently told the Government that the transfers of money were merely loans and that Defendant White fully intends to pay back those loans. Defendant Potts points out that he has even produced loan agreements to the Government in support of his position, yet the Government persists in its prosecution. Regarding the filing of the second superseding indictment while this case was being reviewed by the U.S. Attorney's Office, Defendant Potts' attorney claims he had a side agreement with Mr. Paulsen that the Government would not pursue any additional charges against Defendant Potts during the review period. The Government strenuously denies this claim and submits several affidavits in refutation. Mr. Paulsen avers in his affidavit that he "never promised that we would refrain from investigating the case . . . or would refrain from bringing new and different charges against Mr. Potts if warranted." (Paulsen Aff. ¶ 5.) David MacLaughlin, who was the head of the White Collar Crime division at the time, was also present during the conversation between Defendant Potts' counsel and Mr. Paulsen. Mr. MacLaughlin corroborates that the Government never promised it would forego bringing new or different charges against Defendant Potts in return for his agreement to continue the trial. (MacLaughlin Aff. ¶ 5.)

## II.  DISCUSSION

A prosecutor has broad discretion in determining whether to bring additional charges in a superseding indictment. See United States v. Punelli, 892 F.2d 1364, 1371 (8th Cir. 1990) (citation omitted); see also United States v. Goodwin, 457 U.S. 368, 382 (1982) ("A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution."). However, a prosecutor's discretion is not without limits. For example, an indictment may be dismissed for violating a defendant's due

process rights if the prosecution is vindictive. See United States v. Leathers, 354 F.3d 955, 961 (8th Cir. 2004) (citations omitted).

There are two ways in which a defendant may demonstrate prosecutorial vindictiveness. United States v. Beede, 974 F.2d 948, 951 (8th Cir. 1992). First, a defendant can present objective evidence that a prosecutor intended to punish him for exercising a legal right. Id. (citing United States v. Goodwin, 457 U.S. 368, 384 n.19 (1982)). Second, "the defendant is entitled to a presumption of vindictiveness where there exists a reasonable likelihood of vindictiveness, which may arise when prosecutors increase the number or severity of charges." United States v. Campbell, 410 F.3d 456, 461 (8th Cir. 2005) (citing United States v. Rodgers, 18 F.3d 1425, 1429-30 (8th Cir. 1994)). Accord Beede, 974 F.2d at 951. A presumption of vindictiveness is applicable only on rare occasion. Campbell, 410 F.3d at 462 (citation omitted).

Under both alternatives, the defendant bears the burden to establish vindictiveness. United States v. Hirsch, 360 F.3d 860, 864 (8th Cir. 2004) (citing United States v. Kelley, 152 F.3d 881, 885 (1998)). "The defendant's evidentiary burden is a heavy one," and the Court must remain "mindful of the broad discretion given to prosecutors in carrying out their duty to enforce criminal statutes." Leathers, 354 F.3d at 961 (citing Kelley, 152 F.3d at 885-86). Part of the defendant's burden is the requirement to show that he was prosecuted as punishment for exercising a legal right. See id.; see also Campbell, 410 F.3d at 461, 462 ("It is the defendant's burden to show that the prosecution was brought in order to punish the defendant for the exercise of a legal right. . . . A presumption does not arise just because action detrimental to the defendant was taken after the exercise of the defendant's legal rights; the context must also present a reasonable likelihood of vindictiveness.") (emphasis added). If a prosecutor revises or adds charges merely because of new evidence or another objective reason, there is no

5

presumption of prosecutorial vindictiveness.  <u>Campbell</u>, 410 F.3d at 462; <u>United States v. Schwalb</u>, 83 F.3d 1039, 1040 (8th Cir. 1996).

  Here, Defendant Potts' motion should be denied because he has failed to identify the exercise of a legal right against which the Government allegedly retaliated.  His position appears to be that the Government took advantage of his speedy trial waiver as an opportunity to bring more charges against him.  However, his waiver was not the exercise of a legal right, but a relinquishment.  It would be nonsensical for the Government to have punished him for his waiver of a legal right, and indeed, that is not what the law prohibits.  Moreover, it was Defendant Potts who approached the Government and requested its acquiescence in a continuance of his trial so that he could seek an internal review of his case by the U.S. Attorney's Office.  Given that Defendant Potts initiated the reason for the continuance, the Court is not persuaded that the Government promised not to bring additional charges as some sort of inducement for the delay.

  Alternatively, Defendant Potts' motion must fail because there is neither objective evidence to support a claim of actual vindictiveness — such as an explicit statement by the prosecutor that he was bringing additional charges in order to persuade Defendant Potts to plead guilty, <u>see</u> <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 358, 365 (1978) — nor a basis to presume vindictiveness.  In rebuttal to any possible presumption of vindictiveness, the Government explains that it sought to supersede the indictments in this case for appropriate reasons: to correct or improve the existing indictment, to add new charges, and to add new defendants.  The Government points out that a grand jury found probable cause for each new charge and that a defendant was added with each new indictment.  Noting that this case involves a lengthy and ongoing investigation with multiple defendants, the Government submits that seeking two

6

superseding indictments is not unusual.

The Court accepts the Government's explanations and concludes that the Government sought to supersede the indictments because of newly discovered evidence and for objective reasons, not out of prosecutorial vindictiveness. Although the Government obviously has had difficulty shaping its case against Defendant Potts, the Court cannot conclude from the facts before it that this was due to spite or vengeance.

At its essence, Defendant Potts' motion is really a challenge to the strength of the Government's evidence. Much of his motion consists of references to witness testimony and documents, and arguments that the transactions at issue were legitimate. Absent evidence other than that presented in support of the motion, the Court is inclined to agree that the Government's case is tenuous, but the credibility of witnesses and the validity of documents are matters for a jury to decide, not grounds for a motion to dismiss for vindictive prosecution. Accordingly, the Court recommends that the motion to dismiss be denied.

### III.   RECOMMENDATION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Peter D. White's Motion to Suppress Evidence (Doc. No. 119) be deemed **WITHDRAWN**;

2. Defendant Peter D. White's Motion to Suppress Statements, Admissions, and Answers (Doc. No. 122) be deemed **WITHDRAWN**;

3. Defendant Craig Keith Potts' Motion to Dismiss the Indictment for Vindictive Prosecution (Doc. No. 134) be **DENIED**; and

    4.      The Government's Motion to Strike Defendant's Motion (Doc. No. 139) be

**DENIED AS MOOT**.


Dated: April 29, 2008

                                            s/ Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States Magistrate Judge


Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 9, 2008** , a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.