UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. File No. 07-85(1) (PAM/SRN) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Craig K. Potts, | |
| Defendant. | |

This matter is before the Court on Defendant's Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Susan Richard Nelson dated April 29, 2008. The R&R recommends that the Court deny Defendant's Motion to Dismiss the Indictment for Vindictive Prosecution. The Court has conducted a de novo review of the Objections and the record. See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). For the reasons that follow, the Court adopts the R&R and denies the Motion.

**BACKGROUND**

On March 15, 2007, Defendant Craig K. Potts was named in a five-count Indictment alleging conspiracy, false statement, and obstruction of justice. The charges arose out of an investigation into a $35,000 payment that the Government contends was an illegal gift that benefitted the Leech Lake Band of Ojibwe and Band officials. A Superseding Indictment filed July 17, 2007, added five counts and an additional defendant.

On December 20, 2007, the Court granted a joint Motion for a Continuance from Potts and the Government on the parties' representation that the continuance would permit the

parties to further evaluate the case and might lead to a resolution. (Order of Dec. 20, 2007 (Docket No. 81).) On January 3, 2008, Potts waived his speedy trial rights in writing. On February 14, 2008, the Government filed a Second Superseding Indictment that added a third defendant and thirty additional counts against Potts.

On April 9, 2008, Potts filed the present Motion and generally criticized the Government's tactics in investigating and prosecuting the case. Among his complaints was that the Second Superseding Indictment came after management in the United States Attorney's Office had agreed to review the prosecution. Potts further submitted an affidavit stating that the Government had assured him that the continuance "would not be used as an opportunity by the government to investigate new and additional charges against Mr. Potts." (Magnuson Aff. ¶ 3.) Counsel for the Government denied offering any such assurance or that the Government "would refrain from bringing new and different charges against Mr. Potts if warranted." (Paulsen Aff. ¶ 5.)

After a hearing, Magistrate Judge Susan Richard Nelson filed her R&R recommending that the Court deny the Motion because Potts had failed to demonstrate prosecutorial vindictiveness.

**DISCUSSION**

Although Potts complains about several aspects of his prosecution, the crux of his Motion rests on his assertion that the additional charges in the Second Superseding Indictment were filed with vindictive purpose.

A prosecutor's discretion to bring new charges, while broad, is not unlimited and is

subject to the due process assurance that a prosecution not be vindictive. See <u>United States v. Leathers</u>, 354 F.3d 955, 961 (8th Cir. 2004). As the Magistrate Judge stated, in the Eighth Circuit there are two ways for a defendant to demonstrate that a prosecution has violated his rights:

> A defendant can establish prosecutorial vindictiveness through objective evidence that the prosecutor's decision to seek a more severe sentence was intended to punish the defendant for the exercise of a legal right. Alternatively, the defendant is entitled to a presumption of vindictiveness where there exists a reasonable likelihood of vindictiveness, which may arise when prosecutors increase the number or severity of charges.

<u>United States v. Campbell</u>, 410 F.3d 456, 461 (8th Cir. 2005) (internal citation omitted).

As the Magistrate Judge observed, the Second Superseding Indictment was filed not after Potts exercised a legal right, but rather after he relinquished his legal right to a speedy trial. Therefore, the Court may grant Potts' Motion only if there is "reasonable likelihood of vindictiveness," <u>i.e.</u> that the Second Superseding Indictment and its additional counts were filed with a vindictive purpose. See <u>id.</u>

However, even in this context, the Eighth Circuit has stated that "[t]here can be no prosecutorial vindictiveness if the prosecutor revised the charge because of newly discovered evidence or some objective reason other than to punish the defendant for exercising his legal rights." <u>Id.</u> at 462. In this situation, the Government has offered an affidavit stating that Potts was on notice as early as December 14, 2007, that the Government was preparing to seek a Second Superseding Indictment and that the Government "would need to go to the grand jury the next week in light of the January trial date." (Paulsen Aff. ¶ 5.) This

3

assurance provides sufficient grounds for determining that the Government had an objective reason for filing the Second Superseding Indictment.

As for Potts' other complaints about how the United States Attorney's Office has prosecuted the case, the Court agrees with the Magistrate Judge that many of these complaints constitute a challenge to the strength of the Government's evidence and therefore are more appropriate for trial.

**CONCLUSION**

Potts has not met his burden for establishing that his prosecution has been vindictive. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court **ADOPTS** the R&R (Docket No. 149);

2. The Court **OVERRULES** the Objections to the R&R (Docket No. 152); and

3. The Court **DENIES** Defendant Craig K. Potts' Motion to Dismiss the Indictment for Vindictive Prosecution (Docket No. 134).

Dated: Thursday, May 8, 2008

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge